OPINION JUDGMENT ENTRY
{¶ 1} Appellant Joseph Hiles appeals the consecutive sentences imposed by the Delaware County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On July 12, 2002, the Delaware County Grand Jury indicted appellant on four counts of trafficking in marijuana. Three of the four counts are felonies of the fourth degree because the offense occurred within the vicinity of a school. The remaining count is a fifth degree felony. These charges are contained in Case No. 02CR-I-07-314.
 {¶ 3} While awaiting trial on the trafficking in marijuana charges, appellant left the State of Ohio, in violation of the terms of his bond, and traveled to Tennessee. This resulted in Case No. 02CR-I-11-606. Under this case number, appellant was charged with failure to appear, a felony of the fourth degree, and theft, a misdemeanor of the first degree. The theft being that of the ankle bracelet used to monitor appellant's whereabouts while on bond.
 {¶ 4} Thereafter, appellant entered a guilty plea, on all of the counts, in both cases. On March 27, 2003, the trial court sentenced appellant in both cases. In Case No. 02CR-I-07-314, the trial court sentenced appellant to eight months on each of the four counts of trafficking in marijuana. The trial court ordered these sentences to be served consecutively. In Case No. 02-CR-I-11-606, the trial court sentenced appellant to twelve months on the failure to appear charge and six months on the theft charge. The trial court ordered these sentences to run concurrent to each other, but consecutive to the previous sentences ordered in Case No. 02CR-I-07-314.
 {¶ 5} The trial court also considered appellant's violation of the post-release control, in Case No. 97CR-I-11-468, and ordered appellant to serve the balance of that sentence, 726 days. Finally, the trial court ordered the suspension of appellant's driver's license for four years, following his release from incarceration, to commence on April 27, 2008.
 {¶ 6} Appellant timely filed a notice of appeal and this court reversed and remanded his case for re-sentencing in light of the Ohio Supreme Court's decision in State v. Comer (2003),99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. See, State v.Hiles, 5th Dist. No. 03-CA-24, 2003-Ohio-6290.
 {¶ 7} On December 29, 2003 the trial court conducted a re-sentencing hearing.
The trial court imposed the same sentence as it originally had given to the appellant. Appellant timely filed a notice of appeal and set forth the following two assignments of error:
 {¶ 8} "I. The sentence of the court in sentencing the defendant to four consecutive terms of eight months each on trafficking in marijuana for a total of thirty-two months is disproportionate to the seriousness of the defendant's conduct in light of the small amount of marijuana involved.
 {¶ 9} "II. The sentence of the court in sentencing the defendant to appear is disproportionate to the seriousness of the defendant's conduct."
 I. II. {¶ 10} In his two assignments of error appellant maintains that the imposition of consecutive sentences is disproportionate to the seriousness of his conduct. We disagree.
 {¶ 11} After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence was modified. Pursuant to present R.C. 2953.08(G)(2): "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion.
 {¶ 12} The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 14} "(b) That the sentence is otherwise contrary to law."
 {¶ 15} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 16} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 17} R.C. 2929.14 addresses consecutive sentencing guidelines. The statute permits consecutive prison terms if the court finds a consecutive sentence is necessary to protect the public from future crime or punish the offender, and that the consecutive sentencing is not disproportionate to the seriousness of the conduct and the danger the offender poses to the public. The court must also find either that the offender committed one or more of the multiple offenses while awaiting trial or sentencing, or while under post-release control; or at least two of the multiple offenses were part of a course of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual no one single term for any of the offenses committed adequately reflects the seriousness of the offender's conduct; or the offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 18} At the sentencing hearing, the court conducted an extensive review of appellant's criminal history, enumerating appellant's various convictions, and discussing them with appellant. (T. 7-8). The court found that appellant had previously served three (3) different prison sentences in the past. (Id.). The court further found that the Appellant was under post-release control at the time of the instant offenses. (Id. at 8). The court found the shortest prison term possible would demean the seriousness of the offenses and would not adequately protect the public, and also found the crimes were separate and distinct, committed on separate dates with a separate and distinct animus. In the present case, the trial court noted that consecutive sentences were necessary to protect the public from future crime and to punish appellant. (T. at 8-9; 11-12). The trial court also observed that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public. (Id.). Such findings satisfied the initial requirements of R.C. 2929.14(E)(4). The trial court then went on to state that appellant posed the greatest risk of recidivism based on his extensive criminal history. The trial court observed that appellant was in fact subject to community control sanctions in the past and further had previous drug related offenses he committed in the past. (Id. at 8). The trial court found that "consecutive sentences [are] necessary to fulfill the purposes of 2929.11, to provide adequate punishment; it isn't disproportionate to the seriousness of your conduct because, as I mentioned, you committed the offenses one after the other; they weren't committed at the same time. They are like offenses to what you were found guilty of in the past in terms of your drug charges. And the court would further find, again, that you were under post-release control when the offenses were committed and your criminal history is as I have already related, requires consecutive sentences." (T. at 8-9). The court went on to note "You impose a danger to the public. I demonstrated that by listing your previous criminal record . . . I don't think that this sentence is disproportionate to your conduct. Number one, you had four drug offenses on different dates, and you failed to appear for those offenses . . ." (Id. at 11-12).
 {¶ 19} We therefore conclude that the trial court made the necessary statutory findings for the imposition of consecutive sentences.
 {¶ 20} Alternatively, we also note that we do not know the specific contents of the pre-sentence investigation report as appellant did not make them a part of the record. In State v.Untied (Mar. 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:
 {¶ 21} "Appellate review contemplates that the entire record be presented.
 {¶ 22} App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.
 {¶ 23} "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or `contrary to law." Id. at 7.
 {¶ 24} We reach the same conclusion, in the case sub judice, because appellant failed to include in the record the pre-sentence investigation report. State v. Wallace (March 29, 2004), 5th Dist. No. 03-CA-A-07-043; State v. Mills (Sept. 25, 2003), 5th Dist. No. 03-COA-001.
 {¶ 25} Accordingly, we find that the record supports the trial court's imposition of consecutive sentences, and that the trial court made the requisite findings before imposing consecutive sentences.
 {¶ 26} Appellant's first and second assignments of error are overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 {¶ 28} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.