OPINION
{¶ 1} Appellant Joseph Hiles appeals the consecutive sentences and driver's license suspension imposed by the Delaware County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On July 12, 2002, the Delaware County Grand Jury indicted appellant on four counts of trafficking in marijuana. Three of the four counts are felonies of the fourth degree because the offense occurred within the vicinity of a school. The remaining count is a fifth degree felony. These charges are contained in Case No. 02CR-I-07-314.
 {¶ 3} While awaiting trial on the trafficking in marijuana charges, appellant left the State of Ohio, in violation of the terms of his bond, and traveled to Tennessee. This resulted in Case No. 02CR-I-11-606. Under this case number, appellant was charged with failure to appear, a felony of the fourth degree, and theft, a misdemeanor of the first degree. The theft being that of the ankle bracelet used to monitor appellant's whereabouts while on bond.
 {¶ 4} Thereafter, appellant entered a guilty plea, on all of the counts, in both cases. On March 27, 2003, the trial court sentenced appellant in both cases. In Case No. 02CR-I-07-314, the trial court sentenced appellant to eight months on each of the four counts of trafficking in marijuana. The trial court ordered these sentences to be served consecutively. In Case No. 02-CR-I-11-606, the trial court sentenced appellant to twelve months on the failure to appear charge and six months on the theft charge. The trial court ordered these sentences to run concurrent to each other, but consecutive to the previous sentences ordered in Case No. 02CR-I-07-314.
 {¶ 5} The trial court also considered appellant's violation of the post-release control, in Case No. 97CR-I-11-468, and ordered appellant to serve the balance of that sentence, 726 days. Finally, the trial court ordered the suspension of appellant's driver's license for four years, following his release from incarceration, to commence on April 27, 2008.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The trial court erred prejudicially by imposing consecutive sentences on the appellant in violation of ORC Section2929.14(E)(4).
 {¶ 8} "II. The State of Ohio violated the terms of the rule 11(F) negotiations when the assistant prosecuting attorney made a recommendation that the defendant/appellant not receive community control sanctions.
 {¶ 9} "III. The sentence of the court in sentencing the defendant to four consecutive terms of eight months each on trafficking in marijuana for a total of thirty-two months is disproportionate to the seriousness of the defendant's conduct in light of the small amount of marijuana involved.
 {¶ 10} "IV. The sentence of the court in sentencing the defendant to twelve months in prison for the offense of failure to appear is disproportionate to the seriousness of the defendant's conduct.
 {¶ 11} "V. The court unlawfully suspended the defendant's operator's license for a period of four years, commencing on a date in the future to wit: April 27, 2008."
 I {¶ 12} In his First Assignment of Error, appellant maintains the trial court prejudicially imposed consecutive sentences in violation of R.C. 2929.14(E)(4). We agree.
 {¶ 13} R.C. 2929.14(E)(4) sets forth the provisions a trial court must follow in order to impose consecutive sentences. This statute provides:
 {¶ 14} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 15} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 16} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 17} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 18} The Ohio Supreme Court recently addressed this statute in the case of State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. In Comer,
the Court explained:
 {¶ 19} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. * * * First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." (Emphasis sic). Id. at ¶ 13.
 {¶ 20} The Court also reviewed R.C. 2929.19(B)(2)(c), which provides that the sentencing court "`shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in all of the following circumstances:
 "`* * * {¶ 21} "`(c) If it imposes consecutive sentences under [R.C.]2929.14." (Emphasis sic.) Id. at ¶ 14, 15, 16.
 {¶ 22} The Court found the intent of these two statutes to be clear and held "* * * that pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at ¶ 20.
 {¶ 23} We have reviewed the transcript of the sentencing hearing in the case sub judice, which occurred prior to the Ohio Supreme Court's decision in Comer. It appears from the sentencing transcript the trial court did not make all of the required findings and state its reasons on the record as required by Comer. The only required finding the trial court made was that appellant was on post-release control when he committed these subsequent offenses. Tr. Sentencing Hrng., Mar. 27, 2003, at 9. Pursuant to Comer, we vacate the consecutive sentences and remand this matter to the trial court for re-sentencing.
 {¶ 24} Accordingly, we sustain appellant's First Assignment of Error.
 II {¶ 25} Appellant maintains, in his Second Assignment of Error, the State of Ohio violated the terms of the Crim.R. 11(F) negotiations when the assistant prosecuting attorney made a recommendation that appellant not receive community control sanctions. We disagree.
 {¶ 26} The record indicates that as part of the plea negotiations, in both cases, the state agreed not to make a recommendation at sentencing. However, at the sentencing hearing, the prosecutor made the following statement to the trial court:
 {¶ 27} "* * * But the recidivism factors seem to weigh heavily that there is a likelihood of recidivism; that it seems a reasonable conclusion that Mr. Hiles has not responded well to previous efforts to rehabilitate him and redirect him on similar matters and based upon that it seems to me that community control may not be what's an appropriate sanction for Mr. Hiles in this case." Tr. Sentencing Hrng., Mar. 27, 2003, at 3.
 {¶ 28} Appellant contends this comment, by the prosecutor, violated the terms of the Crim.R. 11(F) negotiations. The Ohio Supreme Court addressed a similar argument in State v. Murnahan (1996),117 Ohio App.3d 71. In Murnahan, the prosecutor agreed to remain silent at the sentencing hearing. Id. at 76. However, the prosecutor breached this agreement, at the sentencing hearing, and recommended the defendant be sentenced to the maximum sentence. Id. at 77. On appeal, the defendant argued the prosecutor's comments resulted in the trial court imposing the maximum sentence. Id. at 76.
 {¶ 29} On appeal to the Ohio Supreme Court, the Court reviewed the defendant's argument by determining whether the defendant suffered any prejudice. Id. at 79. The Court concluded the defendant was not prejudiced by the prosecutor's breach of the agreement to remain silent and subsequent recommendation that the defendant receive the maximum sentence because it was obvious "* * * that the court did not base its sentence upon the remarks of the prosecutor (uncalled for as they were), but upon the court's own review of the presentence investigation and Murnahan's [the defendant's] psychological records." Id. at 78.
 {¶ 30} In the case sub judice, the statement made by the prosecutor was less egregious than the statement considered in Murnahan. The prosecutor did not recommend appellant receive a particular sentence. Instead, the prosecutor merely stated community control sanctions may not be appropriate punishment for appellant. Although technically, this may be a breach of the Crim.R. 11(F) negotiations, as in Murnahan, we do not find appellant was prejudiced by the prosecutor's statement. Any error arising from this breach was harmless.
 {¶ 31} The record indicates the trial court exercised its own judgment when it sentenced appellant. The trial court reviewed the sentencing factors and appellant's criminal history, the fact that appellant violated post-release control and appellant's lack of remorse. Based upon these factors, the trial court rejected a maximum sentence. Although the trial court followed the prosecutor's suggestion in that it did not sentence appellant to community control sanctions, we do not find appellant suffered any prejudice as a result of the prosecutor's comments. The record contains sufficient evidence, in addition to the prosecutor's comments, to support the trial court's sentence.
 {¶ 32} Appellant's Second Assignment of Error is overruled.
 V {¶ 33} In his Fifth Assignment of Error, appellant contends the trial court unlawfully suspended his driver's license, for a period of four years, commencing on April 27, 2008. We disagree.
 {¶ 34} The trial court suspended appellant's driver's license pursuant to R.C. 2925.03(G). This statute provides as follows:
 {¶ 35} "(G) When required under division (D)(2) of this section, the court either shall revoke or if it does not revoke, shall suspend for not less than six months or more than five years, the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to a violation of this section that is a felony of the first degree and shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any other violation of this section. If an offender's driver's license or commercial driver's license or permit is revoked pursuant to this division, the offender, at any time after the expiration of two years from the day on which the offender's sentence was imposed or from the day on which the offender finally was released from a prison term under the sentence, whichever is later, may file a motion with the sentencing court requesting termination of the revocation; upon the filing of such a motion and the court's finding of good cause for the termination, the court may terminate the revocation."
 {¶ 36} Appellant maintains the trial court does not have the authority to make a prospective suspension of his driver's license. Thus, appellant concludes any suspension of his driver's license must commence on the date of sentencing. A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion or is wrong as a matter of law. City of Toledo v. Reasonover (1965), 50 Ohio St.2d 22, paragraph one of the syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 37} In State v. Cusac (Apr. 22, 1998), Hancock App. No. 5-97-39, the Third District Court of Appeals addressed the issue of whether a driver's license suspension is contrary to law when it is ordered consecutive to any other license suspension and not immediately imposed. In Cusac, the trial court sentenced the defendant to fifteen months in prison and a driver's license suspension for fifteen months. Id. at 1. The trial court ordered the suspension to run consecutive to any other license suspension. Id. On appeal to the Third District Court of Appeals, the defendant argued the trial court erred when it ordered the driver's license suspension to be served consecutive to any other license suspension. Id. at 2. The defendant argued such a sentence violated Crim.R. 32 which expressly provides that a sentence is to be immediately imposed. Id.
 {¶ 38} The court of appeals concluded the trial court did not abuse its discretion when it ordered the driver's license suspension to be served consecutive to any other suspension. Id. The court concluded:
 {¶ 39} "While R.C. 2925.03(G) does not mention whether a license suspension imposed for a drug trafficking offense may be ordered consecutive to other suspension, when read in conjunction with R.C.4507.16(D)(2), it is apparent that consecutive suspensions are permitted." Id.
 {¶ 40} Appellant essentially raises the same argument, that the trial court is not permitted to order a driver's license suspension consecutive to his prison term. We do not find the trial court abused its discretion or committed an error of law when it ordered appellant to serve the four-year driver's license suspension following his release from prison. R.C. 2925.03(G) does not require the trial court to impose a license suspension at the time of sentencing. Therefore, a prospective license suspension does not violate the terms of the statute. Further, the driver's license suspension would have no meaning if it was imposed at the same time as appellant's incarceration.
 {¶ 41} Appellant's Fifth Assignment of Error is overruled.
 {¶ 42} We will not address appellant's Third and Fourth Assignments of Error as these arguments are moot based upon our disposition of appellant's First Assignment of Error.
 {¶ 43} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed in part and reversed in part. The consecutive sentences are vacated and this matter is remanded to the trial court for re-sentencing in accordance with R.C.2929.14(E)(4).
Wise, J., Gwin, P.J. and Edwards, J., concur.