DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a decision issued by the Lucas County Court of Common Pleas which denied appellant's motion for a new trial. Because we conclude that the trial court did not abuse its discretion in denying appellant's motion for a new trial, we affirm.
 {¶ 2} In 1995, appellant, James Eubank, was convicted by a jury on two counts of involuntary manslaughter in the commission of a felony and two counts of aggravated arson. The convictions were based upon evidence that Eubank had hired Robert Johnson to set fire to the house of a witness who was to testify against Eubank in a pending rape case. Two teenagers were killed in the fire. Eubank's convictions were affirmed following a direct appeal to this court. See State v. Eubank (1987),38 Ohio App.3d 141.
 {¶ 3} Eubank has since filed various unsuccessful postconviction motions and appeals. The subject of his current appeal is the denial of a new trial motion filed in May 2002 based on newly discovered evidence, i.e., an audiotape of a conversation with a trial witness allegedly not disclosed by the police. He alleges that this tape was not disclosed to him by police at the time of trial, and that this nondisclosure prevented his discovery through the exercise of due diligence until nearly ten years later. Eubank contends that the conversation indicates that the witness lied at trial, which would have cast doubt upon his guilt. The trial court initially granted him leave to file his motion for new trial, determining that he was unavoidably prevented from discovering the evidence within the 120 day time limit of Crim.R. 33. The court then reviewed the parties' written memoranda regarding the motion.
 {¶ 4} In January 2003, the trial court denied appellant's motion, ruling that Eubank could have, in fact, discovered the tape within the required time limit. The court went on to address the merits of Eubank's motion, however, ruling that he had not established that the outcome of the trial would have been different. The court noted that the transcript of the tape was unauthenticated and, as such, its content was unverifiable. Moreover, the conversation on the tape itself did not contradict the witness's testimony, and, because of the other evidence presented, was immaterial to the outcome of the case.
 {¶ 5} Appellant now appeals from that judgment, setting forth the following two assignments of error:
 {¶ 6} "Assignment of Error No. 1
 {¶ 7} "The trial court committed error when it concluded, in denying Mr. Eubank's motion for new trial, that it was wrong to have previously ruled that the tape on which the motion was predicated could not with due diligence have been discovered within 180 [sic] days of the verdict.
 {¶ 8} "Assignment of error No. 2
 {¶ 9} "The trial court erred in denying the motion for new trial."
 {¶ 10} In the first assignment of error, Eubank argues that the trial court erred in changing its initial determination that he was unavoidably prevented from discovering the evidence of the tape. Although the trial court did ultimately determine that with due diligence Eubank could have discovered the tape earlier, the trial court still proceeded to address the merits of his motion. Thus, such an error by the trial court, if any, would be harmless, since Eubank's motion was fully considered. Therefore, Eubank's first assignment of error is found not well-taken.
 {¶ 11} As to the second assignment of error, regarding the trial court's decision on the merits of the new trial motion, Crim.R. 33 provides, in pertinent part:
 {¶ 12} "(A) A new trial may be granted on the motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 13} "* * *
 {¶ 14} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given * * *."
 {¶ 15} A motion for new trial based on newly discovered evidence must be made within 120 days after the end of the proceedings. Crim.R. 33(B). Nevertheless, "if it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B).
 {¶ 16} The decision to grant or deny a new trial on grounds of newly discovered evidence is within the sound discretion of the trial court. State v. Hawkins (1993), 66 Ohio St.3d 339,350; State v. Williams (1975), 43 Ohio St.2d 88, paragraph two of the syllabus. To warrant the granting of a new trial, the defendant must demonstrate that the new evidence "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. * * *" Statev. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 17} In this case, the "newly discovered evidence" is an audiotape which Eubank alleges was hidden by the police. Eubank submitted to the court an unauthenticated transcript of a taped conversation, purportedly among himself, Wendy Ross, and the trial witness, Sharon Beach. Eubank alleges that Ross gave this audiotape to a police detective during the investigation which was never disclosed to him. Based upon these allegations, Eubank claims a new trial is warranted because the tape discredits Beach.[1] The following is the relevant portion the five page transcript of the taped conversation which Eubank submitted:
 {¶ 18} "MALE SPEAKER: Well, (inaudible) all over the (inaudible).
 {¶ 19} "FEMALE SPEAKER: Well, like I said, you know, if I hear anything, I'll let you know or —[.]
 {¶ 20} "MALE SPEAKER: (Inaudible).
 {¶ 21} "FEMALE SPEAKER: No. Somebody was out and left a Marlboro pack in my car. I don't know who smokes Marlboros. Does he drive a fancy car? He doesn't — no, he don't smoke Marlboros. He smokes Viceroy.
 {¶ 22} "MALE SPEAKER: (Inaudible).
 {¶ 23} "FEMALE SPEAKER: Yeah, the neighbor seen him, but I didn't.
 {¶ 24} "MALE SPEAKER: (Inaudible).
 {¶ 25} "FEMALE SPEAKER: I thought — I didn't know who it wa — well, I know you don't smoke. I couldn't figure out who it is, you know.
 {¶ 26} "MALE SPEAKER: Well, I'll give you a call.
 {¶ 27} "FEMALE SPEAKER: Okay. Well, thanks for calling. Okay. Bye-bye."
 {¶ 28} Eubank claims that this conversation is inconsistent with the testimony Beach provided at trial. However, since the transcript does not identify different female speakers, it is impossible to tell which statements Beach allegedly made. Even presuming arguendo that the audiotape contains conversation between Eubank and Beach, we do not find that the conversation is inconsistent with Beach's testimony. At trial, Beach stated that Eubank had telephoned her; she questioned him about a threatening message she received. She told him that a cigarette pack was left on her car which had a note on it telling her "to keep her mouth shut." Beach stated that Eubank "just told me that I should pay attention to the note that was left on my car." Beach testified at trial that she was scared because of the note. The note itself was lost when she moved out of Lucas County.
 {¶ 29} In the audio taped conversation, although the "female speaker" may not have directly stated that she was "scared," she does speak out about having a pack of cigarettes left on her car and her concern in discovering who left it there. Furthermore, Beach does not ever accuse Eubank of leaving the note in either the alleged audiotape conversation or her trial testimony. Thus, when weighed against the other evidence, especially the testimony of Robert Johnson, who testified that Eubanks hired him to set fire to the house, Beach's testimony is of minimal effect. We agree with the trial court that the evidence presented in the audiotape fails to disclose a strong possibility that the outcome of the trial would have been different. Therefore, the trial court did not abuse its discretion in denying Eubank's motion for new trial based upon newly discovered evidence.
 {¶ 30} Accordingly, Eubank's second assignment of error is found not well-taken.
 {¶ 31} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
Handwork, P.J., Knepper, J., and Lanzinger, J., concur.
[1] Eubanks also alludes to alleged prosecutorial misconduct, stating that the police "actively concealed" the tape and knew that Beach was lying. Eubanks then makes a leap in logic that since Beach lied, Roberts also lied. These bare allegations were not supported in the trial court by any evidence whatsoever. Therefore, any argument regarding police or prosecutorial misconduct is not properly before this court.