DECISION AND JUDGMENT ENTRY
{¶ 1} These consolidated cases are before the court on appeal from judgments of the Wood County Court of Common Pleas, which convicted appellant, Isreal Flores, of trafficking in marijuana with a specification for committing this crime in the vicinity of a juvenile and denied appellant's motion for a new trial. The trial court sentenced appellant to a prison term of seven years and ordered that his driver's license be suspended for a period of four years from the date of appellant's release from prison. For the reasons that follow, we affirm the judgments of the trial court.
 {¶ 2} On August 8, 2003, upon execution of a search warrant secured in part by an August 7, 2003, tip received by Wood County Sheriff's Office Task Force Agent Mike Ackley, from confidential informant William Szymanski Sr., Wood County Sheriff's Deputies seized from appellant's residence marijuana and drug paraphernalia. At the time that the deputies arrived, they observed several people entering a vehicle which was in the driveway — two adults and three small children, ages seven years, 23 months, and 15 months. Appellant was present inside the residence. Also observed throughout the residence were children's toys and clothing items, including a baby shoe next to a bag of sandwich baggies and a large "deli-type" scale.
 {¶ 3} In his August 8, 2003, affidavit in support of probable cause for issuance of the warrant, Agent Ackley stated that on August 7, 2003, the informant received a "small amount" of marijuana from appellant and that appellant spoke to the informant about having a large amount of marijuana at his house that he wanted to sell. However, subsequent to the search, in his September 29, 2003 officer notes Agent Ackley concluded, "[a]s this investigation continued, Deputy Ackley uncovered information finding that [the informant] did not just receive a sample of the marijuana from [appellant] that he turned over to Deputy Ackley on August 7, 2003. [The informant] actually received one pound of marijuana that he resold for a profit, without telling Deputy Ackley."
 {¶ 4} On December 8, 2003, a hearing was held on appellant's motion to suppress evidence seized at the residence based on deficiencies in Agent Ackley's affidavit. In his motion, appellant argued that the information in the affidavit was stale, there was no nexus between the criminal activity and the residence, and the informants lacked reliability. The trial court denied the motion to suppress finding sufficient information in the affidavit to establish probable cause, in part, because the informant was reliable under the totality of the circumstances. Further, the trial court concluded that even if the affidavit did not establish probable cause, the good faith exception to the exclusionary rule applied since the deputies who conducted the search acted in good faith and in an objectively reasonable reliance on the warrant.
 {¶ 5} On January 22, 2004, a bench trial was held. Agent Ackley testified that on the evening of August 7, 2003, when the informant initially told Agent Ackley about his contact with appellant, the informant described it as receiving a sample of marijuana from appellant. Thus, at the time of his probable cause affidavit, the informant did not divulge to Agent Ackley that he purchased any marijuana from appellant. After appellant rested, the trial court denied appellant's Crim.R. 29(A) motion for acquittal. In a January 23, 2004 judgment, the trial court found appellant guilty of drug trafficking in marijuana with a specification that the crime was committed in the vicinity of a juvenile. The trial court ordered that appellant serve a term of seven years in prison and that appellant's driver's license be suspended for a period of four years from the date of his release from prison.
 {¶ 6} On May 27, 2004, appellant filed a motion for new trial pursuant to Crim.R. 33(A)(6) based on "new evidence" of Agent Ackley's previously undisclosed officer notes. The trial court subsequently denied this motion.
 {¶ 7} Appellant now appeals the judgment against him, setting forth the following assignments of error:
 {¶ 8} "I. THE DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE Fifth AND Fourteenth AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS DENIED BY THE MISCONDUCT OF THE STATE IN FAILING TO DISCLOSE CERTAIN INFORMATION AND TO CORRECT CERTAIN TESTIMONY DURING THE PROCEEDINGS.
{¶ 9} "II. THE TRIAL COURT ERRED IN DENYING DEFENDANTS [SIC] MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO OHIO CRIM.R. 29(A).
{¶ 10} "III. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE VERDICT.
{¶ 11} "IV. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANTS [SIC] MOTION FOR A NEW TRIAL.
{¶ 12} "V. THE TRIAL COURT ERRED IN DENYING THE DEFENDANTS [SIC] MOTION TO SUPPRESS.
{¶ 13} "VI. THE DEFENDANT WAS DENIED DUE PROCESS OF LAW BY THE CUMULATIVE EFFECT THE STATES [SIC] MISCONDUCT HAD ON THE PROCEEDINGS.
 {¶ 14} "VII. THE DEFENDANTS [SIC] SENTENCE WAS CONTRARY TO LAW."
 {¶ 15} Appellant's first, fourth, fifth, and sixth assignments of error all center on the issue of the informant's credibility and reliability as allegedly challenged by Agent Ackley's officer notes. Thus, we will consider these assignments of error together.
 {¶ 16} Under appellant's first assignment of error, he argues that pursuant to Crim.R. 16(B)(1)(f), and Crim.R. 16(D), the state was required to disclose the officer notes as evidence favorable to appellant because these notes revealed problems with the informant's credibility as observed by Agent Ackley. Appellant further contends that the state's failure to correct Agent Ackley's testimony relative to the informant's reliability and/or credibility constituted misconduct that deprived him of his due process right to a fair trial.
 {¶ 17} Although Crim.R. 16(B)(2) provides that generally, reports, memoranda, or other internal documents made by the prosecuting attorney or his agents are not discoverable, Crim.R. 16(B)(1)(f) provides an exception for disclosure by the prosecuting attorney of evidence "favorable to the defendant and material either to guilt or punishment." Regarding any prosecutorial misconduct, the standard of review is to determine whether the prosecutor's misconduct may have been so egregious so as to deny the defendant the fundamental right to a fair trial. Statev. Iocona, 93 Ohio St.3d 83, 104, 2001-Ohio-1292, citing State v. Staten
(1984), 14 Ohio App.3d 78, 85.
 {¶ 18} We find that Crim.R. 16(B)(1)(f) does not apply to the undisclosed officer notes because they are not "favorable" to appellant. The court understands appellant's contention that the officer notes demonstrate that Agent Ackley questioned the informant's credibility on one point — how much marijuana he received from appellant and whether he bought it. However, stepping back and viewing the alternative version of the facts on this point, we agree with the state's contention that this evidence was more prejudicial to appellant's defense than probative of the informant's credibility. It would certainly be more damaging to appellant's case to have evidence presented that he sold the informant a pound of marijuana rather than gave him a sample. Therefore, the officer notes which contain the alternative version of the facts of the transaction between appellant and the informant are not "favorable" to appellant.
 {¶ 19} Regarding the state's alleged misconduct in failing to correct "false" testimony of Agent Ackley, many of the excerpts of Agent Ackley's testimony cited by appellant were taken from the suppression hearing in which the general topic was the informant's reliability at the time that Agent Ackley signed his August 8, 2003 affidavit. In addition, at trial Agent Ackley, testifying regarding what the informant told him on August 7, 2003, stated that "at that point" the informant did not tell Agent Ackley that appellant sold marijuana to the informant. Based on the foregoing, we find that Agent Ackley's testimony did not need to be "corrected" and there was no misconduct by the state. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 20} In appellant's fourth and fifth assignments of error, he contends that the "newly discovered" information in the officer notes, which he characterizes as "exculpatory," creates a strong probability that a different result would be reached at a second trial on both the suppression as well as the trial issues. We disagree.
 {¶ 21} Regarding appellant's challenge to the trial court's denial of his motion to suppress, appellate review of a decision on a motion to suppress presents a mixed question of law and fact. State v. Davis
(1999), 133 Ohio App.3d 114, 117. Since a trial court deciding the motion to suppress acts as a factfinder, an appellate court must accept the trial court's findings of fact as true if supported by competent, credible evidence. State v. Kobi (1997), 122 Ohio App.3d 160, 167-168. However, an appellate court reviews de novo the trial court's application of the law to the facts. Id. Further, "[w]hen a trial court evaluates whether an informant provides either reasonable suspicion or probable cause, the `totality of the circumstances' standard must be used." Statev. Jones (May 7, 1999), 6th Dist. No. S-98-033, citing Illinois v. Gates
(1983), 462 U.S. 213. Under the totality of the circumstances standard, "the basis of knowledge and credibility or reliability of the informant are just two of the factors to be considered by the judge in determining whether probable cause exists to believe that evidence will be found in a particular place." Jones.
 {¶ 22} Appellant's challenge to the trial court's denial of his motion to suppress focuses primarily on reliability issues regarding the informant in light of Agent Ackley's officer notes. In his August 8, 2003, affidavit upon which the trial court issued the warrant, Agent Ackley stated that the informant had received a "small amount" of marijuana from appellant. At the time of this affidavit, apparently Agent Ackley had no information to the contrary. It was not until his September 29, 2003 officer notes that he concluded, "[a]s this investigation continued, Deputy Ackley uncovered information finding that [the informant] did not just receive a sample of the marijuana from [appellant] that he turned over to Deputy Ackley on August 7, 2003. [The informant] actually received one pound of marijuana that he resold for a profit, without telling Deputy Ackley." Further, Agent Ackley also stated in his affidavit that part of the basis for the informant's reliability was that the informant recently led the Wood County Sheriff's Office to a stolen tractor. Agent Ackley confirmed this in his testimony at the suppression hearing. In addition, Agent Ackley stated in his affidavit that several reliable confidential sources gave information about appellant supplying them with marijuana and cocaine. Thus, the trial court did not err in finding at the time of Agent Ackley's affidavit and the issuance of the warrant, that the informant was reliable under the totality of the circumstances. Finally, the August 8, 2003, affidavit related the facts of the informant's transaction with appellant just the evening before on August 7, 2003. The affidavit further stated that appellant told the informant that he had a large amount of marijuana at his residence. Therefore, the information in the affidavit was not stale and there was a nexus between the criminal activity and the residence.
 {¶ 23} Because the trial court's findings of fact were supported by competent, credible evidence, the affidavit provided sufficient information to establish probable cause to believe that there was a fair probability that evidence of a crime would be found at appellant's residence. Thus, the search warrant was properly issued. In light of this finding, we need not address appellant's argument regarding the good faith exception under U.S. v. Leon (1984), 468 U.S. 897. See State v.Schmitz (Mar. 1, 1996), 6th Dist. No. S-95-031. Based on the foregoing, the trial court did not err in denying appellant's motion to suppress the evidence found as a result of the search warrant. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 24} Regarding appellant's challenge to the trial court's denial of his motion for a new trial based on newly discovered evidence pursuant to Crim.R. 33(A)(6), we have recently stated:
 {¶ 25} "The decision to grant or deny a new trial on grounds of newly discovered evidence is within the sound discretion of the trial court.State v. Hawkins (1993), 66 Ohio St.3d 339, 350, 612 N.E.2d 1227; Statev. Williams (1975), 43 Ohio St.2d 88, 330 N.E.2d 891, paragraph two of the syllabus. To warrant the granting of a new trial, the defendant must demonstrate that the new evidence `(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. * * *' State v.Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus." State v.Eubank, 6th Dist. No.L-03-1057, 2004-Ohio-890, at ¶ 16.
 {¶ 26} Regarding the first and fourth prongs of Petro, as already noted, we do not find the information in the officer's notes to the effect that appellant may have sold a pound of marijuana to the informant rather that gave him a sample to be favorable or exculpatory to appellant. Regarding the second and third prongs, the second version of the facts revealed in the officer notes (that appellant sold the informant a pound rather than gave him a sample) would have been known to appellant at the time of trial. He was free to challenge Agent Ackley on that point under cross examination but chose not to do so. Regarding the fifth prong, appellant contends that the new evidence in the officer's report would not be cumulative of former suppression and trial evidence of the informant's credibility because it also demonstrates that Agent Ackley is not credible since essentially he testified that there was no basis for the informant to be determined unreliable. As we have concluded in analyzing appellant's first assignment of error, Agent Ackley's testimony did not need "correcting." Further, despite appellant's attempt to add an extra layer onto the credibility issues, we agree with the trial court that the information in the officer's report is cumulative of the former evidence in that it shares that same goal: proving that the confidential informant was not reliable. Finally, regarding the sixth prong of Petro, we agree with the trial court that the only use to which the officer notes could be put in a new trial would be to impeach or contradict the former evidence. Therefore, the trial court did not abuse its discretion when it denied appellant's motion for a new trial. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 27} In appellant's sixth assignment of error, he argues that the cumulative effect of the state's failure to disclose the officer notes and failure to correct the testimony of Agent Ackley deprived appellant of a fair trial. We have stated, "although a particular error by itself may not constitute prejudicial error, the cumulative effect of the errors may deprive a defendant of a fair trial and may warrant the reversal of his conviction." State v. Hemsley, 6th Dist. No. WM-02-010, 2003-Ohio-5192, at ¶ 32, citing State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. "`However, in order even to consider whether `cumulative' error is present, we would first have to find that multiple errors were committed in this case.'" Hemsley, at ¶ 32 quoting State v.Madrigal (2000), 87 Ohio St.3d 378, 398, 2000-Ohio-448.
 {¶ 28} As noted in our discussion of appellant's first and fourth assignments of error, the state's failure to disclose the officer notes was not error since the notes were not "favorable" to appellant and Agent Ackley's testimony relative to the informant's reliability at the time the warrant was issued did not need "correcting." Since there are not multiple instances of harmless error, the doctrine of cumulative error does not apply. State v. Davis, 5th Dist. No. 2003 CA 429, 2004-Ohio-7056, at ¶ 73, citing State v. Garner, 74 Ohio St.3d 49, 1995-Ohio-168. Accordingly, appellant's sixth assignment of error is not well-taken.
 {¶ 29} Next, the court will address appellant's second and third assignments of error which challenge the sufficiency of the evidence. Crim.R. 29(A) provides for an entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. Appellant not only claims error in the trial court's denial of his motion for judgment of acquittal, but also asserts that the evidence was insufficient as a matter of law to support the guilty verdict.
 {¶ 30} We have recently stated:
 {¶ 31} "When reviewing the denial of a Crim.R. 29(A) motion, an appellate court must evaluate whether `the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.' See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard that is used to review a sufficiency of the evidence claim. See State v. Carter (1995), 72 Ohio St.3d 545, 553,1995-Ohio-104." State v. Reyes, 6th Dist. No. WD-03-059, 2005-Ohio-2100, at ¶ 21.
 {¶ 32} We have further noted:
 {¶ 33} "`The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" Reyes, at ¶ 22 quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 34} Finally, with reference to "sufficiency of the evidence," applicable to both appellant's second and third assignments of error, it is a legal standard that the court applies to determine if a case should go to a jury or to determine whether there is sufficient evidence to support a verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990) 1433. According to the Supreme Court of Ohio, "sufficiency is a test of adequacy." Id. The issue of the sufficiency of evidence presents a purely legal question for the court. State v. Farr, 10th Dist. No. 02AP-167, 2002-Ohio-5523, at ¶ 65. In contrast, questions of credibility of witnesses are matters left to the trier of fact. State v. Wakely (May 21, 1999), 6th Dist. No. E-98-069, citing State v. DeHass (1967), 10 Ohio St.2d 230. These matters are addressed under a manifest weight standard. In re Martin (May 10, 2001), 8th Dist. No. 78184, citing State v. Martin (1983)20 Ohio App.3d 172, 175.
 {¶ 35} Regarding the trafficking offense, R.C. 2925.03(A)(2) provides:
 {¶ 36} "(A) No person shall knowingly do any of the following:
• * *
 {¶ 37} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 38} R.C. 2925.03(C)(3)(e) provides:
 {¶ 39} "(C) Whoever violates division (A) of this section is guilty of one of the following:
• * *
 {¶ 40} "(3) If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of trafficking in marihuana. The penalty for the offense shall be determined as follows:
• * *
 {¶ 41} "(e) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five thousand grams but is less than twenty thousand grams, trafficking in marihuana is a felony of the third degree, and there is a presumption that a prison term shall be imposed for the offense. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the second degree, and there is a presumption that a prison term shall be imposed for the offense."
 {¶ 42} In this case, upon execution of a valid search warrant, ten thousand grams of marijuana that was packaged for resale, a large "deli-style" scale, and drug paraphernalia were seized from appellant's residence. In addition, to the extent that appellant once again raises the undisclosed officer notes and Agent Ackley's testimony relative to the informant's reliability and/or credibility, we have already effectively disposed of these issues in the foregoing assignments of error. Accordingly, we find, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the trafficking crime proven beyond a reasonable doubt.
 {¶ 43} In his third assignment of error, appellant also argues that there was insufficient evidence to support the specification that the trafficking offense was committed in the vicinity of a juvenile. R.C.2925.01(BB) provides the definition of the term "in the vicinity of a juvenile" as "within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense."
 {¶ 44} Appellant cites State v. Smith, 3d Dist. No. 14-01-28, 2002-Ohio-5051 in support of his contention that the state's evidence on this specification was insufficient . In Smith, the court found that the mere presence of a juvenile at a residence at the time of the execution of a search warrant is not evidence that a juvenile was in the vicinity during the commission of any offense. In Smith, the defendant was not present at the residence at the time that the warrant was executed. Further, one of the two juveniles that were present in the residence testified that she had never purchased or received any marijuana from the defendant. Id. ¶ 3. In addition, she did not testify that she was present at any other time. Id. Finally, it appears that all the evidence seized, a glass pipe, marijuana, cash, plastic baggies, a list of names and numbers, scales and a loaded gun, were found in the defendant's bedroom. Id. ¶ 2, 3, 19.
 {¶ 45} In State v. Fannin, 8th Dist. No. 80014, 2002-Ohio-4181, both the defendant and children were in the residence when the officers executed a search warrant. Further, there was testimony that at least two children lived at the residence. The court found that the state presented sufficient evidence that the defendant committed the drug trafficking offense within the required vicinity of juveniles to support the conviction with a juvenile specification. Id. ¶ 119.
 {¶ 46} In contrast to Smith and similar to Fannin, there is evidence in the present case that at least two young children resided in appellant's residence, and were not merely one-time visitors. Agent Ackley testified regarding information learned through Children's Services regarding minor children living in the home. In addition, several deputies who executed the search warrant testified that at the time, three children were being loaded into a vehicle in the driveway of the residence, and there were children's items found throughout the residence, including some items near drug paraphernalia. Thus, we find, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the specification of commission of the crime in the vicinity of a juvenile proven beyond a reasonable doubt. Accordingly, appellant's second and third assignments of error are not well-taken.
 {¶ 47} Finally, we consider appellant's seventh assignment of error in which he contends that R.C. 2925.03(D)(2) and R.C. 2925.03(G) require imposition of a license suspension at the time of sentencing, and therefore, the trial court erred by staying the commencement of license suspension until appellant's release from prison seven years after the sentencing. An appellate court's choices upon review of a sentence are set out in R.C. 2953.08(G)(2). That section provides:
 {¶ 48} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 49} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 50} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 51} "(b) That the sentence is otherwise contrary to law."
 {¶ 52} In State v. Hiles, 5th Dist. No. 03 CA 24, 2003-Ohio-6290, the court rejected an argument similar to appellant's in the present case. Citing the decision in State v. Cusac (Apr. 22, 1998), 3rd Dist. No. 5-97-39, the Hiles court found that R.C. 2925.03(G) does not require the trial court to impose a license suspension at the time of sentencing.Hiles ¶ 40. Therefore, the court concluded that a prospective license suspension does not violate the terms of the statute. Id. Likewise, we find that the trial court's imposition of a license suspension for a period of four years from the date of appellant's release from prison was not contrary to law. Accordingly, we find appellant's seventh assignment of error not well-taken.
 {¶ 53} Upon due consideration, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgments of the Wood County Court of Common Pleas are affirmed. Appellant is ordered to pay the court costs of this appeal for which sum judgment is rendered against appellant on behalf of Wood County and for which execution is awarded. See App.R. 24.
Judgments Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J. Concur.