JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Brian Yuravak (Yuravak) appeals his sentence received after pleading guilty to possession of drugs, in violation of R.C. 2925.11, a felony of the fifth degree. Finding no merit to the appeal, we affirm.
 {¶ 2} According to Yuravak's sentencing memorandum, he was the driver of a vehicle stopped by the Cleveland Police Department on May 25, 2006. At the time of the stop, Yuravak stated to the officer that he did not have a license, and when he exited the vehicle, he was holding an envelope that contained two crack pipes, one of which he admitted was his.
 {¶ 3} At the sentencing hearing on May 2, 2006, the trial judge reviewed Yuravak's criminal record and voiced particular concern about his driving record, which included nine convictions of driving while under suspension and two convictions of operating a vehicle while under the influence. The trial court at the sentencing hearing imposed a prison term of six months and ordered that his driver's license be suspended for a period of five years. However, the journal entry of May 4, 2007, stated: "Driver's license suspension for five years to begin when released from prison." This suspension was mandated by R.C.2925.11(E)(2) which states: "The court shall suspend for not less than six months or more than five years the offender's driver's or commercial driver's license or permit." *Page 4 
 {¶ 4} Yuravak's sole assignment of error challenges the sentencing journal entry, ordering his license suspension to begin after his release from prison as follows:
 "THE TRIAL COURT WAS WITHOUT JURISDICTION AND ABUSED ITS DISCRETION AND ERRED WHEN IN ITS SENTENCE ORDERED THAT APPELLANT'S DRIVER'S LICENSE SUSPENSION WAS TO BEGIN AFTER APPELLANT'S RELEASE FROM PRISON."
 {¶ 5} Yuravak contends that there is no statute or authority permitting the trial court to extend or delay the imposition of the sentence relating to the driver's license suspension to a time other than from the time of sentencing. Yuravak further contends that because the court has no power to substitute a different sentence from that provided for by statute, his sentence should be vacated as null and void and the case remanded for resentencing. For the following reasons we disagree.
 {¶ 6} At the outset it must be stated that Yuravak's assignment of error containing abuse of discretion sets forth an incorrect standard of review. In State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, the appellate court noted that: "Foster[1] did not totally abrogate from Ohio's felony sentencing laws R.C. 2953.08(G), which references the clear and convincing standard to felony sentencing appeals. Indeed, inState v. Saxon, 109 Ohio St.3d 176, *Page 5 2006-Ohio-1245 * * *, the Ohio Supreme Court stated: `[T]he sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed byFoster.' Similarly, we note that R.C. 2953.08(G) has not been excised to the extent that it states: `The appellate court's standard for review is not whether the sentencing court abused its discretion.' Rather,Foster abrogated R.C. 2953.08(G) only Insofar as it refers to the severed sections' of Ohio's felony sentencing laws." Burton, at paragraphs 17, 18. (Internal citations omitted.)
 {¶ 7} The Burton court had noted earlier in its opinion that:"Foster deemed R.C. 2929.14(B) and 2929.14(E)(4) unconstitutional."Burton, at paragraph four. The Burton court also stated that "[i]nFoster, the Ohio Supreme Court excised as unconstitutional R.C.2929.14(B),(C), and (E)(4), which were portions of Ohio's felony sentencing laws that respectively required the trial court to make findings when imposing non-minimum, maximum or consecutive sentences."Burton, at paragraph 12.
 {¶ 8} Ohio Revised Code R.C. 2953.08(G)(2) reads in pertinent part:
 "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for *Page 6 
resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 (b) That the sentence is otherwise contrary to law." (Emphasis added.)
 {¶ 9} Applying this more deferential standard of review, we will review the portion of the sentencing entry ordering his license suspension to begin after his release from prison.
 {¶ 10} State v. Hiles, Delaware App. No. 03CA24, 2003-Ohio-6290, upholds a suspension for trafficking in drugs under R.C. 2925.03(G) rather than a suspension for drug possession, pursuant to R.C.2925.11(E)(2), the same statute under review herein. We find the following rationale in Hiles to be controlling herein, as we did inState v. Budentz, Cuyahoga App. No. 88483, 2007-Ohio-2375.
 "We do not find the trial court abused its discretion or committed an error of law when it ordered appellant to serve the four-year driver's license suspension following his release from prison. R.C. 2925.03(G) does not require the trial court to impose a license suspension at the time of sentencing. Therefore, a prospective license suspension does not violate the terms of the statute. Further, the driver's license suspension would have no meaning if it was imposed at the same time as appellant's incarceration." Id. at 13.
 {¶ 11} Citing this same language of Hiles, the court in State v.Flores, Wood App. Nos. WD-04-012, WD-04-050, 2005-Ohio-3355, followed the same rationale *Page 7 
and rejected a similar argument to that of Yuravak when finding that a trial court's imposition of a license suspension of four years from the date of the defendant's release from prison was not contrary to law.
 {¶ 12} R.C. 2953.08(G)(2)(a) provides that our review is limited to determining if there is "clear and convincing evidence to show that the record does not support the sentencing court's [action]." See State v.Ramos, Defiance App. No. 4-06-24, 2007-Ohio-767, citing State v.Johnson, Montgomery App. No. 21332, 2006-Ohio-4934. Upon application of the appropriate standard of review and a review of the arguments herein, we affirm the trial court's sentencing entry. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. *Page 1