JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Richard Futo, appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Futo was charged with 16 counts of rape, 28 counts of gross sexual imposition, and 28 counts of kidnapping, involving his daughter who was under the age of 13. He pled not guilty, and a jury trial ensued.
 {¶ 3} The victim testified that from first grade through fourth grade her father would sexually molest her when she would visit. She testified that he would ask for a hug from her, and then he would unzip his pants, and make her play "with his privates and put [it] in my mouth." She testified that this happened about six times each year. The victim stated that if she did not give Futo a "hug" she would not get to go places with her cousins. She said that at first she was too young to comprehend what was going on "but had a feeling it was bad."
 {¶ 4} The victim testified that it always happened in Futo's bedroom during the day time, except the last time it happened at night in the patio/family room. She testified that she was asleep on the couch when Futo came home and asked her to give him a "hug." She said he unbuckled his pants and made her play with his "privates." She testified that while she was fondling Futo, "white stuff came out." He made her "put [it] in her mouth," and she pushed him away. She asked him to *Page 4 
stop and said that she would tell if he didn't. Futo told her that she would be in big trouble if she told. The victim did not tell until four years later.
 {¶ 5} At the Criminal Rule 29 hearing, the court dismissed all but 12 counts, leaving four counts of rape, four counts of gross sexual imposition, and four counts of kidnapping. The jury found Futo guilty of two counts of rape, two counts of gross sexual imposition, and two counts of kidnapping. The trial court labeled him a sexually oriented offender and sentenced him to two consecutive life sentences. Futo appeals, advancing four assignments of error for our review.
 {¶ 6} Futo's first assignment of error states the following:
 {¶ 7} "The trial court committed prejudicial, reversible error in violation of appellant's constitutional right to due process and a fair trial when the trial court initially allowed a state's witness to vouch for the complainant's credibility and then, when confronted with the prospect of a detective's potential testimony that the complainant was not credible, instructed the jury to disregard the vouching testimony."
 {¶ 8} Futo complains that an employee of the Medina County Children and Family Services Department, Tricia Carchedi, improperly vouched for the victim's credibility during the following exchange:
 {¶ 9} "State: You observed [the victim]. You heard what she said. You documented what she said and you affixed your signature to a report.
 {¶ 10} "Ms. Carchedi: Right, and I believed her." *Page 5 
 {¶ 11} Futo's attorney objected, but the court overruled his objection. At sidebar, Futo's attorney requested that the statement be stricken and a curative instruction given to the jury. The court gave the jury the following instruction:
 "Ladies and gentlemen, before I start with the next witness you may recall when the last witness was here she was asked a question regarding her report and she said something to the effect that, and I believe her answer was she indicated that she believed the alleged victim. You're instructed to disregard that remark because remember my original instructions to you which you will receive at the end of the case also, you are the triers of fact. You have the right to believe or disbelieve any witness and all or any part of their testimony so you alone are the people who will decide this issue."
 {¶ 12} In State v. Boston (1989), 46 Ohio St.3d 108, 128, the Ohio Supreme Court held that the witness's testimony, regarding the truthfulness of the child victim's statements about sexual abuse, were "not only improper" but "egregious, prejudicial and constitutes reversible error." Nevertheless, recent case law states thatBoston does not apply when the child victim actually testifies and is subjected to cross-examination. State v. Benjamin, Cuyahoga App. No. 87364, 2006-Ohio-5330, citing State v. Curren, Morrow App. No. 04 CA 8,2005-Ohio-4315; State v. Fusion (Aug. 11, 1998), Knox App. No. 97 CA 000023.
 {¶ 13} Here, the victim testified and was subject to cross-examination, so any error with the admission of the testimony was harmless. Further, the trial court issued a curative instruction telling the jury to disregard the witness's opinion as to the credibility of the victim. The jury can be presumed to have followed the court's *Page 6 
instructions, including instructions to disregard testimony. State v.Ahmed, 103 Ohio St.3d 27, 42, 2004-Ohio-4190.
 {¶ 14} We also disagree with Futo's argument that the detective's opinion regarding the victim's credibility should have been admitted. Again, under Boston and its progeny, neither an expert nor a lay witness may testify regarding a victim's credibility. This includes police officers. See State v. Djuric, Cuyahoga App. No. 87745, 2007-Ohio-413;State v. Miller (Jan. 26, 2001), Montgomery App. No. 18102. Accordingly, Futo's first assignment of error is overruled.
 {¶ 15} Futo's second assignment of error states the following:
 {¶ 16} "The trial court abused its discretion by imposing maximum, consecutive sentences in this case, despite finding that appellant did not pose a significant threat of future offenses when finding defendant was a sex offender as opposed to a sexual predator."
 {¶ 17} Futo argues that his sentence is inconsistent because the court found that Futo was not likely to re-offend when the court labeled him a sexually oriented offender. Therefore, Futo argues that he should not have received consecutive life sentences.
 {¶ 18} Under Ohio law, judicial fact-finding is no longer required before a court imposes maximum, consecutive, or more than the minimum prison terms. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Instead, the trial court is vested with full discretion to impose a prison term within the statutory range. Id.; State v. Mathis, *Page 7 109 Ohio St.3d 54, 2006-Ohio-855. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself."Mathis, supra. Therefore, post-Foster, trial courts are still required to "consider" the general guidance factors in their sentencing decisions; however, there is no requirement that this be done on the record. See State v. Harrison, Cuyahoga App. No. 88957, 2007-Ohio-3524.
 {¶ 19} In State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph one of the syllabus, the Ohio Supreme Court held that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." The court went on to state that, "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time," and "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." Id. at ¶ 8-9.
 {¶ 20} R.C. 2953.08(G)(2)(a) provides that our review is limited to determining if there is "clear and convincing evidence to show that the record does not support the sentencing court's [action]." See State v.Yuravak, Cuyahoga App. No. 89891, 2008-Ohio-2186. *Page 8 
 {¶ 21} Here, Futo was convicted of two counts of rape of a child under the age of 13 with force, which requires a mandatory life sentence for each count. The trial court ordered the rape counts be served consecutively because of the age of the victim, the fact that Futo was her father and his daughter trusted him, and the impact that the crimes had on the victim. After reviewing the record, we cannot say that it does not support the sentence imposed. Accordingly, Futo's second assignment of error is overruled.
 {¶ 22} Futo's third assignment of error states the following:
 {¶ 23} "Appellant's right to due process as found in theFifth Amendment of the United States Constitution was violated as his convictions are not supported by sufficient evidence."
 {¶ 24} Under this assignment of error, Futo argues that the victim's testimony is inconsistent and therefore not credible.
 {¶ 25} A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented. Whether the evidence is legally sufficient to sustain a conviction is a question of law. See State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. The relevant inquiry in a claim of insufficiency is "`whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. *Page 9 
 {¶ 26} It is well established that an appellate court cannot evaluate the credibility of witnesses on a review for evidentiary sufficiency.State v. Yarbrough, 95 Ohio St.3d 227, 240, 2002-Ohio-2126; see, also,State v. Murphy (2001), 91 Ohio St.3d 516, 543, 2001-Ohio-112; State v.Waddy (1992), 63 Ohio St.3d 424, 430; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. The weight to be given the evidence and credibility of the witnesses are primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 79-80. Furthermore, the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility. State v. Bezak, Cuyahoga App. No. 84008,2004-Ohio-6623. Thus, in reviewing the legal sufficiency of evidence to support a jury verdict, it is the minds of the jurors rather than a reviewing court that must be convinced. Thomas, supra, citing State v.Petro (1947), 148 Ohio St. 473, 501-502; DeHass, supra.
 {¶ 27} In this case, the victim testified that her father made her play with his "privates and put [it] in her mouth" numerous times over the course of four years. She also testified that he sometimes "touched her butt." Finally, she testified that he threatened that if she did not do it, she would not get to play with her cousins, and that if she told anyone, she would get in trouble. We find that after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of rape, gross sexual imposition, and kidnapping proved beyond a reasonable doubt. Accordingly, Futo's third assignment of error is overruled. *Page 10 
 {¶ 28} Futo's fourth assignment of error states the following:
 {¶ 29} "Appellant's right to due process as found in theFifth Amendment of the United States Constitution was violated as his conviction is against the manifest weight of the evidence."
 {¶ 30} Futo argues that his convictions are against the manifest weight of the evidence because there is no way that these crimes could have occurred because the victim was never alone with Futo.
 {¶ 31} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) State v.Leonard, 104 Ohio St.3d 54, 68, 2004-Ohio-6235 .
 {¶ 32} All of the witnesses, including the victim, acknowledged that the Futo residence was always heavily occupied by aunts, uncles, and cousins; nevertheless, there were still times when the victim and Futo were alone. No one testified that they were at Futo's side every minute that the victim was visiting. Further, the victim testified that it did not happen every time she was there. Although there was *Page 11 
substantial evidence that the Futo residence was "grand central station" most of the time, after examining the record, weighing the evidence, and considering the credibility of the witnesses, we cannot say that the jury clearly lost its way. Accordingly, Futo's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1