JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Johnny Manning, through counsel, filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the judgment rendered by this court in State v. Manning, Cuyahoga App. No. 90326, 2008-Ohio-3801, in which we affirmed his convictions for kidnapping and gross sexual imposition. On November 21, 2008, the State of Ohio filed a brief in opposition to the App. R. 26(B) application for reopening. For the below stated reasons, we decline to reopen Manning's original appeal.
 {¶ 2} To establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 688, *Page 3 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, at 2065.
 {¶ 4} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Id.
 {¶ 5} Manning's first and second assignments of error are interrelated so we will address them together. In his first and second assignments of error, Manning argues that the trial court erred in admitting the testimony of the State's witness, Dr. Bar-Shain and that counsel was ineffective for not objecting to the testimony. *Page 4 
Specifically, Manning argues that Dr. Bar-Shain was able to give bolstering testimony to the complaining witness' veracity in violation of State v. Boston (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220.
 {¶ 6} However, as we have found on numerous occasions, Boston does not apply when the child victim actually testifies and is subject to cross-examination. State v. Futo, Cuyahoga App. No. 89791,2008-Ohio-3360; State v. Djuric, Cuyahoga App. No. 87745, 2007-Ohio-413;State v. Benjamin, Cuyahoga App. No. 87364, 2006-Ohio-5330. A review of the transcript in this matter indicates that the child-witness did testify and was subject to cross-examination. Consequently, we cannot find error with appellate counsel's decision not to specifically raise these two issues.
 {¶ 7} Accordingly, we deny the application to reopen.
MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR. *Page 1