OPINION
{¶ 1} Defendant, Jacque Johnson, was convicted following the trial court's acceptance of his guilty pleas of robbery, R.C.2911.02(A)(3), and having weapons while under a disability, R.C.2923.13(A)(2), both felonies of the third degree. The court sentenced Defendant to concurrent four year prison terms for each offense. We granted Defendant leave to file a delayed appeal.
 {¶ 2} Defendant's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, claiming that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him time to file a pro se brief. That pro se brief has now been received, and this matter is before us for a decision on the merits of the issues Defendant raises.
FIRST ASSIGNMENT OF ERROR
 {¶ 3} "JUDGE KESSLER FAILED TO ORDER A MENTAL HEALTH EVALUATION ALONG WITH THE REFERRAL TO THE ADULT PROBATION DEPARTMENT FOR PRESENTENCE INVESTIGATION."
 {¶ 4} Defendant argues that the trial court erred in failing to order a mental health evaluation along with the presentence investigation report.
 {¶ 5} A trial court is not obligated to order a presentence investigation unless it imposes community control sanctions. Crim.R. 32.2; State v. Cyrus (1992), 63 Ohio St.3d 164. The trial court sentenced Defendant, who was on parole at the time these offenses were committed, to concurrent four year prison terms. Thus, the court was under no duty to order a presentence investigation.
 {¶ 6} There is no evidence in the record of this case that suggests Defendant was not competent to enter his guilty pleas. Competency is presumed. R.C. 2945.37(G). While discussing with Defendant a mental condition for which he takes medication, the court asked Defendant if there was anything about his mental condition that would affect his ability to understand the plea proceedings. Defendant responded, "I wouldn't say so." Additionally, nothing unusual transpired during the plea proceeding that reasonably should have alerted the court, the defense, or the prosecutor of a need to raise the issue of Defendant's competency. Thus, the trial court had no duty to explore Defendant's mental condition further.
 {¶ 7} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "JUDGE DAVIS FAILED TO RECOMMEND COMMUNITY CONTROL SANCTIONS WITH MENTAL HEALTH TREATMENT (INTENSIVE) TO ADEQUATELY ADDRESS THE SENTENCING ISSUES FOR THE DEFENDANT, MR. JOHNSON."
 {¶ 9} Defendant argues that the trial court should have sentenced him to community control sanctions with mental health treatment, in lieu of prison terms, in order to address his mental health problems.
 {¶ 10} A trial court has discretion to determine the most effective way to comply with the overriding purposes and principles of felony sentencing set out in R.C. 2929.11(A). See: R.C. 2929.12(A). We do not review the trial court's sentence for an abuse of discretion. R.C. 2953.08(G)(2). Rather, we may increase, reduce, or modify a sentence, or vacate the sentence and remand the matter for resentencing only if we clearly and convincingly find either (1) that the record does not support the sentencing court's findings or (2) that the sentence is otherwise contrary to law. Id. Pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, trial courts have full discretion to impose any sentence within the applicable statutory range, and they are not required to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences.
 {¶ 11} According to Defendant, because of a mental condition that causes him to hear voices, he was not in his right mind when he entered his guilty pleas or at sentencing. There is no evidence in the record before us to support that claim, and Defendant's colloquy with the court suggests otherwise. While the record does suggest that Defendant has been prescribed medication for mental health problems, and while Defendant claims that he has been unable to get needed treatment while incarcerated, there is nothing in the record which suggests, much less demonstrates, Defendant's incompetency.
 {¶ 12} The sentence imposed by the trial court, four years, is within the authorized range for felonies of the third degree. R.C. 2929.14(A)(3). At sentencing, the trial court noted that Defendant has an extensive history of past felony convictions which include several previous prison terms. Furthermore, at the time he committed these offenses Defendant was on parole for a previous conviction. On this record, we cannot clearly and convincingly find that Defendant's sentence is contrary to law or unsupported by the record.
 {¶ 13} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 14} "THE DEFENDANT'S INDICTMENT ON CASE NO. 04-CR04680 IS INVALID DUE TO THE FACTS THE DEFENDANT WAS CONFUSED AND NOT IN THE RIGHT COMPETENCE STATE OF MIND WHEN HE ACCEPTED THE PLEA AGREEMENT ON MARCH 11, 2005."
 {¶ 15} As we discussed in the previous assignments of error, there is nothing in the record before us which even suggests, much less demonstrates, that Defendant was not competent to enter his guilty pleas. Defendant told the trial court that he had completed tenth grade, was able to understand his constitutional rights, and that his mental condition did not prevent him from understanding the proceedings in court. Furthermore, nothing occurred during the plea proceedings to alert the parties or the court that Defendant might not be competent.
 {¶ 16} Prior to accepting Defendant's pleas the trial court was required to substantially comply with Crim.R. 11(C)2). Statev. Nero (1990), 56 Ohio St.3d 106. The trial court did that here, as the record demonstrates that Defendant subjectively understood the implications of his plea and the rights he was waiving. The record also demonstrates that Defendant entered his pleas voluntarily, without threats, coercion or promises, that he understood the nature of the charges and possible penalties, and that he discussed the charged offenses and possible defenses with his attorney and was satisfied with his attorney's advice. Clearly, the record supports the court's finding that Defendant possessed the requisite capacity to make a knowing, intelligent and voluntary waiver of his rights and plea.
 {¶ 17} Defendant's third assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 {¶ 18} "THE DEFENDANT'S CHARGE FOR HAVING WEAPONS WHILE UNDER DISABILITY (PRIOR) CONSTITUTES' A INVALID CHARGE AS WELL AS CONSTITUTE'S DOUBLE JEOPARDY."
 {¶ 19} In this assignment of error, which is Defendant's fourth, not his fifth as numbered, Defendant claims that his conviction for having weapons while under a disability violates his rights against double jeopardy.
 {¶ 20} First, we note that this claimed constitutional error was neither raised in nor considered by the trial court. Rather, it is raised for the first time on appeal. Because Defendant failed to raise this claim of double jeopardy in the trial court, we decline to consider that argument for the first time on appeal. State v. Awan (1986), 22 Ohio St.3d 120; State v.Thurman, (June 28, 1995), Montgomery App. No. 14741.
 {¶ 21} Additionally, Defendant appears to base his double jeopardy argument on evidence and information from his previous convictions which were not before the trial court and are not a part of the record in this appeal. Allegations of error which are based upon evidence outside the record must be presented by way of statutory post-conviction relief procedures. R.C. 2953.21;State v. Cooperrider (1983), 4 Ohio St.3d 226. Although Defendant has attached various exhibits to his appellate brief, none of which are pertinent to his double jeopardy claim, it is improper to add to the record on appeal new material that was not a part of the trial court's proceedings and then decide the appeal based upon that new material. State v. Ishmail (1978),54 Ohio St.2d 402.
 {¶ 22} Defendant's fourth assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 23} "WHEN JUDGE DAVIS STATED: `YOUR MISDEMEANOR CASES HAVE ALL BE BASICALLY THEFT RELATED,' JUDGE DAVIS, FAIL(ED) TO DETERMINE IF ATTEMPTED THEFT BY THREAT MAY BE A LESSER INCLUDED OFFENSE OF ROBBERY."
 {¶ 24} In Defendant's fifth assignment of error which he has misnumbered his fourth assignment, Defendant complains because the trial court failed to determine whether attempted theft (by threat) is a lesser included offense of robbery, R.C.2911.02(A)(3). The trial court was not required to make that determination in this case because Defendant pled guilty, and that plea constitutes a complete admission that he is guilty of robbery, the offense charged. Crim.R. 11(B)(1).
 {¶ 25} Defendant's fifth assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Donovan, J., concur.