[Cite as *State v. Mathis*, 2015-Ohio-295.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 91830**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**PRESTON MATHIS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-08-507908
Application for Reopening
Motion No. 479639


**RELEASE DATE:** January 28, 2015

**APPELLANT**

Preston Mathis, pro se
#551-527
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brett Hammond
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Preston Mathis has filed an application for reopening pursuant to App.R. 26(B). Mathis is attempting to reopen the appellate judgment rendered in *State v. Mathis*, 8th Dist. Cuyahoga No. 91830, 2009-Ohio-3289, that affirmed his conviction and sentence for the offenses of murder and having weapons while under disability. We decline to reopen Mathis's appeal.

{¶2} App.R. 26(B)(2)(b) requires that Mathis establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.

> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants*," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.

See also *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶3} Herein, Mathis is attempting to reopen the appellate judgment that was journalized on July 2, 2009. The application for reopening was not filed until October 24, 2014, more than 90 days after journalization of the appellate judgment in *Mathis*, *supra*. In an attempt to establish good cause for the untimely filing of his application for reopening, Mathis argues that

> [b]eing unfamiliarized by experience, study, or practice of the law; during and following the previous appeal procedures conducted by appellate counsel, Appellant had not faculty of mind from which he could have possibly deduced knowledge of his counsel's deficient presentation of such an inadequate and ineffective appeal. In the absence of being informed of his rights pertaining to the issues he is now presenting to this Honorable Court for review, it is his impervious assertion that these issues are such as could not in the exercise of his due diligence have been discovered and presented before now.

{¶4} Mathis has failed to establish a showing of good cause for the untimely filing of his application for reopening. Lack of legal training and ignorance of the law does not establish good cause for failure to seek timely relief pursuant to App.R. 26(B). *Reddick.* *See also State v. Klein*, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Mar. 28, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 249260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 13, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 270493; *State v. Travis*, 8th Dist. Cuyahoga No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed* (Nov. 2, 1994), Motion No. 251073, *aff'd*, 72 Ohio St.3d 317, 649 N.E.2d 1226 (1995); *State v. Gaston*, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155; *State v. Torres*, 8th Dist. Cuyahoga No. 86530, 2007-Ohio-9.

{¶5} In addition, limited access to the prison library and legal materials have been repeatedly rejected as good cause for the untimely filing of an App.R. 26(B) application for reopening. *State v. Kinder*, 8th Dist. Cuyahoga No. 94722, 2012-Ohio-1339. Finally, reliance

on one's attorney does not provide good cause for the untimely filing of an application for reopening.  In *State v. Pruitt*, 8th Dist. Cuyahoga Nos. 86707 and 86986, 2012-Ohio-94, and *State v. Alt*, 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054, this court held that appellate counsel's failure to inform the defendant as to the availability of App.R. 26(B) did not establish good cause for filing an untimely application for reopening.

{¶6}    Accordingly, the application for reopening is denied.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR