[Cite as *State v. Futo*, 2020-Ohio-1114.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 89791 |
| v. | : | |
| RICHARD FUTO, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** March 20, 2020

Cuyahoga County Court of Common Pleas
Case No. CR-478498
Application for Reopening
Motion No. 5366204

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Michael A. Partlow, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Applicant, Richard Futo, seeks to reopen his appeal, *State v. Futo*, 8th Dist. Cuyahoga No. 89791, 2008-Ohio-3360. Futo claims that appellate counsel was ineffective for not raising the following issue on appeal: The trial court erred by not

permitting appellant's trial counsel to inspect records from DHS concerning the alleged victim. Futo's application is untimely without a sufficient showing of good cause. Therefore, it is denied.

{¶ 2} Futo was indicted on March 23, 2006, and charged with multiple counts of rape, gross sexual imposition, and kidnapping involving his daughter who was under the age of 13 at the time of the offenses. He was convicted of two counts of rape, two counts of gross sexual imposition, and two counts of kidnapping. *Id.* at ¶ 5. He was sentenced to two consecutive life sentences. *Id.* He appealed, assigning four errors for review. In an opinion journalized on July 3, 2008, the assignments of error were overruled and his convictions were affirmed. *Id.* at ¶ 32.

{¶ 3} On March 3, 2020, Futo filed the instant application for reopening. He asserted a single proposed assignment of error claiming that appellate counsel was ineffective for not challenging an evidentiary ruling made by the trial court. Futo claims that records from the Medina County Department of Human Services pertaining to the victim were the subject of an in camera inspection by the trial court. The trial court denied a motion to turn over those records made by Futo's trial counsel. Prior to making its ruling, the court inspected the records in camera, placed them under seal, and made them a part of the record for purposes of appellate review. Futo claims appellate counsel was ineffective for not challenging this evidentiary ruling.

{¶ 4} The state responded in opposition, pointing out that the application is untimely without good cause to excuse the significant delay in filing.

{¶ 5} App.R. 26(B) provides a limited means of asserting a claim of ineffective assistance of appellate counsel. The rule includes a number of reasonable procedural requirements that must be met in order for an application to succeed. One such requirement is that the application must be filed within 90 days of the date that the appellate decision is journalized. App.R. 26(B)(1). Applications that are filed after that deadline may still be successful if the applicant is able to demonstrate good cause as to why the application could not be timely filed. App.R. 26(B)(2)(b). However, the failure to demonstrate good cause is sufficient grounds to deny an application. *State v. Alt*, 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054; *State v. Lawrence*, 8th Dist. Cuyahoga Nos. 100371 and 100387, 2019-Ohio-65.

{¶ 6} Futo recognizes that his application has not been filed within 90 days of the date that the appellate decision was journalized. As such, his application for reopening argues that he has good cause for the delayed filing.

{¶ 7} First, Futo sites to several cases where untimely applications have been allowed: *State v. Carr*, 10th Dist. Franklin No. 87AP10-1006, 1994 Ohio App. LEXIS 5297 (Nov. 22, 1994); *State v. Robbins*, 5th Dist. Licking No. 93 CA 30, 1996 Ohio App. LEXIS 2977 (June 12, 1996); *State v. Howard*, 12th Dist. Warren No. CA83-07-048, 2002-Ohio-3983. However, Futo does not indicate why these cases are similar to his, or how they show that he has established good cause. It must also be noted that these cases predate *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755,

814 N.E.2d 861, where the Ohio Supreme Court held that the 90-day deadline in App.R. 26(B) must be strictly enforced:

> Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 1996-Ohio-52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*Gumm* at ¶ 7.

**{¶ 8}** Futo's arguments going to good cause only indicate that he was uninformed about his appeal. He claims "the [a]ppellant was literally not advised at all concerning his appeal, including but not limited to the feasibility of having this [c]ourt review the trial court's decision to deny [a]ppellant's trial counsel access to certain records from the Department of Human Services (DHS) which the trial court had reviewed in camera." Futo's application establishes that the trial court's decision concerning these records was apparent on the record and Futo was aware or should have been aware of these issues at the time of his appeal.

**{¶ 9}** Futo's assertions of good cause equate to ignorance of the law and lack of diligence in following the status of his appeal. Neither constitute good cause.

*State v. Mathis*, 8th Dist. Cuyahoga No. 91830, 2015-Ohio-295, ¶ 4 ("Lack of legal training and ignorance of the law does not establish good cause for failure to seek timely relief * * *."); *State v. Tomlinson*, 8th Dist. Cuyahoga No. 83411, 2005-Ohio-5844, ¶ 4 (lack of contact or communication with appellate counsel does not constitute good cause); *State v. Ward*, 8th Dist. Cuyahoga No. 63355, 1998 Ohio App. LEXIS 726 (Feb. 20, 1998) (a four-year delay in filing was not excused where appellate counsel did not inform the appellant of the appellate decision).

{¶ 10} Similar to *Ward*, Futo has not provided any information to this court about his efforts to determine the status of his appeal. A lack of initiative or diligence in determining the status of an appeal does not constitute good cause. *Id.* at 2. *See also State v. Logan*, 8th Dist. Cuyahoga No. 63943, 2000 Ohio App. LEXIS 5327, 3-4 (Nov. 14, 2000).

{¶ 11} Further, even if appellate counsel failed to communicate with Futo about his appeal and this constituted good cause for some period of time, this does not excuse an almost 12-year delay in filing. *State v. Oberacker*, 8th Dist. Cuyahoga No. 81093, 2017-Ohio-5741, ¶ 5. Futo has failed to establish good cause for the significant delay in the filing of his application. Therefore, it is denied.

{¶ 12} Application denied.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
RAYMOND C. HEADEN, J., CONCUR