[Cite as *State v. Futo*, 2022-Ohio-1760.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                            No. 110718

    v.                           :

RICHARD FUTO,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 26, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-478498-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

J. David Ingersoll, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Richard Futo ("Futo"), who is serving two consecutive life sentences, appeals the trial court's decision denying his "motion for hearing due to actual innocence." For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} The procedural and factual history have been sufficiently set forth in *State v. Futo*, 8th Dist. Cuyahoga No. 89791, 2008-Ohio-3360, our decision regarding Futo's direct appeal. For judicial clarity, we provide the following summary of facts relevant to this appeal.

{¶ 3} On March 23, 2006, a grand jury returned a 72-count indictment against Futo, comprised of 16 counts of rape, 28 counts of gross sexual imposition, and 28 counts of kidnapping. The indictment alleged Futo's conduct involving his daughter who was under the age of 13 at the time of the offenses.

{¶ 4} On March 16, 2007, a jury found Futo guilty of two counts of rape with force specifications, two counts of gross sexual imposition, and two counts of kidnapping with sexual motivation specifications. The jury found Futo not guilty of six counts, and the trial court dismissed the other counts under Crim.R. 29.

{¶ 5} On April 26, 2007, the trial court labeled Futo a sexually oriented offender and sentenced him to two consecutive life terms. We affirmed Futo's convictions in an opinion journalized July 3, 2008. *Id.* at ¶ 33. The Ohio Supreme Court did not allow Futo's discretionary appeal. *12/31/2008 Case Announcements*, 120 Ohio St.3d 1455, 2008-Ohio-6813, 898 N.E.2d 969.

{¶ 6} On March 3, 2020, Futo filed an application for reopening, asserting that appellate counsel was ineffective for not challenging an evidentiary ruling made by the trial court. In *State v. Futo*, 8th Dist. Cuyahoga No. 89791, 2020-Ohio-1114, we denied his application for reopening.

{¶ 7} On September 8, 2020, Futo filed a pro se motion styled "[m]otion for hearing due to actual innocence, newly discovered evidence, and ineffective counsel." Futo attached affidavits from three nieces, who all averred that what their cousin alleged against her father could not have happened.

{¶ 8} Futo also posited that "a child with cerebral palsy can, at an early age, create in their mind, situations that never occurred. The same child can be convinced, by repeating something over and over, until that child is convinced what they were repeatedly told until that child believes that to be true." Therefore, Futo claimed, trial counsel was ineffective "for not raising a defense citing all the issues surrounding a child with Cerebral Palsy and a vindictive mother whose only goal was to ruin the life of that child's father."

{¶ 9} The state of Ohio opposed Futo's motion for a hearing on the grounds that it was an untimely petition for postconviction relief. Futo filed a responsive brief and abandoned the ineffective counsel claim but asserted that all other claims were proper under the claim of actual innocence and newly discovered evidence.

{¶ 10} On July 12, 2021, the trial court denied Futo's motion on the grounds that it was an untimely petition for postconviction relief that it did not have jurisdiction to consider.

{¶ 11} Futo now appeals and assigns the following errors for review:

## Assignment of Error No. 1

The trial court erred by applying the incorrect standard in denying appellant's motion for new trial.

## Assignment of Error No. 2

The trial court erred in concluding appellant's motion for new trial due to newly discovered evidence did not contain any newly discovered evidence.

## Law and Analysis

{¶ 12} In the first assignment of error, Futo argues the trial court erred by applying the incorrect standard to deny his motion for a new trial. Specifically, Futo argues the trial court incorrectly applied the standard of review for postconviction relief to a motion for new trial based upon newly discovered evidence. For ease of discussion, in this assignment of error, we will limit our focus to the trial court's treatment of Futo's filing as a petition for postconviction relief. And, in the second assignment of error, we will discuss the filing within the ambit of a motion for new trial.

{¶ 13} Preliminarily, we note that the motion that is the subject of this appeal was captioned "motion for hearing due to actual innocence, newly discovered evidence, and ineffective counsel." However, despite its caption, the filing was a petition for postconviction relief. In *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus, the Ohio Supreme Court held that

> [w]here a criminal defendant, subsequent to [his or her] direct appeal, files a motion seeking vacation or correction of [his or her] sentence on the basis [his or her] constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.

{¶ 14} Considering the above, we will treat Futo's motion as a petition for postconviction relief. Generally, "a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion."

*State v. Ali*, 8th Dist. Cuyahoga No. 109580, 2021-Ohio-1085, ¶ 8, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "The term 'abuse of discretion' connotes more than error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 15} "However, "'whether the [trial court] possesse[d] subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo.'"" *Ali* at ¶ 8, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24, quoting *State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 16} In this matter, we find that Futo's petition was untimely. A postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.21(A)(2)(a). Here, the record reveals August 10, 2007, as the date on which Futo's trial transcript was filed in this court in aid of his direct appeal. As such, there is no dispute the petition is untimely.

{¶ 17} We further note that a convicted defendant may file only one postconviction petition within the prescribed 365-day window and may not file an untimely or successive petition unless the defendant meets a high burden of demonstrating the "specific, limited circumstances" of R.C. 2953.23(A). *Apanovitch* at ¶ 22.

{¶ 18} Specifically, R.C. 2953.23(A) provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶ 19} In this matter, the trial court's well-reasoned opinion stated:

[B]ecause it is untimely, and Futo has not shown special circumstances required by the statute, the court lacks jurisdiction to grant defendant relief.  R.C. 2953.23(A)(1); *State v. Short*, 8th Dist. Cuyahoga No. 83492, 2004-Ohio-2695, ¶ 7.

Even if the motion had been timely filed, none of the "evidence" cited by Futo qualifies as new or exculpatory. "When a defendant prepares for trial, he and his attorney must research expert witnesses and make strategic decisions about which ones, if any, to have testify." *State v. Graff*, 8th Dist. Cuyahoga No. 102073, 2015-Ohio-1650, ¶ 14. The court finds, as a matter of law, that Futo has not provided newly discovered evidence under R.C. 2953.21 which would entitle him to postconviction relief. Futo was aware, at the time of trial, that the victim suffered from cerebral palsy, and he could have investigated that impact on the veracity of her claims.

The court further finds that any challenge to the effectiveness of trial counsel should have been raised on direct appeal and, as such, is improper to raise in this petition. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).

{¶ 20} Indeed, as the trial court aptly stated, none of the exceptions contained in R.C. 2953.23(A), quoted above, apply in this case. Critically, Futo does not rely on any "new facts" as a basis for relief; rather his claims are based on the record as it existed at the time of the trial and during his direct appeal. In the motion, Futo claimed to

have found increasingly more information, which clearly demonstrated that a child suffering from cerebral palsy had a high degree of suggestibility, such that someone could repeat a version of facts and the child's medical condition would operate to supplant any actual memory with the suggested memory.

{¶ 21} However, as the trial court rightly noted, Futo was aware that his daughter suffered from cerebral palsy and could have investigated the impact on the veracity of her claims. As such, Futo's present claims do not form the basis for relief under R.C. 2953.23(A).

{¶ 22} Further, Futo is not claiming that there was a new United States Supreme Court case recognizing a federal or state right that applies retroactively.

Finally, there was no DNA testing providing new evidence of actual innocence. Therefore, the trial court properly denied Futo's untimely motion.

{¶ 23} Moreover, in as much as Futo claimed that trial counsel was ineffective for not raising a defense citing all the issues surrounding a child with cerebral palsy, the claim was barred under the doctrine of res judicata. Under the doctrine, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal.

{¶ 24} A trial court "may dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata." *State v. Osborn*, 8th Dist. Cuyahoga No. 107423, 2019-Ohio-2325, ¶ 30, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. "'Res judicata is applicable in all postconviction relief proceedings.'" *Id.* at ¶ 30, quoting *Szefcyk* at 95.

{¶ 25} On the record before us, the trial court properly treated Futo's styled motion as a petition for postconviction relief. The petition was untimely, none of the exceptions contained in R.C. 2953.23(A) applied, and the claims therein are barred under the doctrine of res judicata. As such the trial court did not err when it dismissed the petition without holding an evidentiary hearing.

{¶ 26} Accordingly, we overrule the first assignment of error.

{¶ 27} In the second assignment of error, Futo argues the trial court erred in concluding that his motion for new trial did not contain any newly discovered evidence.

{¶ 28} Under Crim.R. 33(B), a motion for new trial based on newly discovered evidence must be filed within 120 days after a verdict is rendered. A party who fails to file a motion for new trial within that time must seek leave from the trial court to file a delayed motion for new trial. *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890, ¶ 9. The trial court may grant leave to file a delayed motion for new trial if the movant shows, by clear and convincing evidence, that he was unavoidably prevented from filing the motion for new trial and he sought leave within a reasonable time after discovering the evidence. *Id*. at ¶ 9-10.

{¶ 29} "'Unavoidably prevented' from filing a timely motion for new trial occurs when the defendant (1) had no knowledge of the existence of the grounds supporting the motion for new trial, and (2) could not have learned, in the exercise of reasonable diligence, of the existence of those grounds within the prescribed time." *State v. Murphy*, 8th Dist. Cuyahoga Nos. 110220 and 110483, 2021-Ohio-3925, ¶ 26, citing *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638, ¶ 11. "Additionally, he must show that the motion for leave was filed within a reasonable time after the new evidence was discovered." *Id*. at ¶ 26, citing *Gray* at ¶ 12.

{¶ 30} Recently, in *State v. Bethel*, Slip Opinion No. 2022-Ohio-783, the Ohio Supreme Court has examined Crim.R. 33(B) to determine whether the rule

imposes a reasonable time requirement. *Bethel* clarifies the scope and focus of our Crim.R. 33(B) review and addresses issues relating to R.C. 2953.21 postconviction relief. There, the court examined Crim.R. 1(B) and 57(B) upon which courts have relied in imposing a reasonable time filing requirement under Crim.R. 33(B). *Id.* at ¶ 55, citing *State v. Thomas*, 2017-Ohio-4403, 93 N.E.3d 227, ¶ 8 (1st Dist.).

{¶ 31} Applying "general principles of statutory construction" the court determined that the cited rules do not authorize or support the "creation of a reasonable-time filing requirement" under Crim.R. 33(B). *Id.* at ¶ 55. The court held that the appellate court's finding that "it was within the trial court's discretion to deny Bethel's motion for leave based on Bethel's failure to file the motion within a reasonable time after discovering" the purported new evidence was in error. *Id.* at ¶ 58.

{¶ 32} In this matter, even with the advent of *Bethel* and its impact on our historical analysis, it is undisputed that Futo's motion was not relying on new facts. Importantly, given Futo's awareness that his daughter suffered from cerebral palsy, he could have investigated the impact on the veracity of her claims.

{¶ 33} Futo, in one instance, claims to be relying upon "advancements in scientific understanding which did not exist at the time of trial or even for more than a decade afterwards." While, in another instance, Futo admits that "medical understanding of cognitive deficits resulting from cerebral palsy was in its infancy at the time of [his] trial."

{¶ 34} Noticeably, Futo did not attach any scientific articles or expert reports referencing information that was not available or discoverable at the time of his trial. In the motion, Futo listed 14 scientific or neurological problems associated with persons afflicted with cerebral palsy. At the top of that list was "auditory integration; the following repeated phrase which cause the child to repeat what was said over and over whether true or false." Arguably, the described auditory integration, admittedly known at the time of trial, embodies aspects of suggestion that Futo now claims was unknown at the time of trial.

{¶ 35} Although Futo now professes to have abandoned the ineffective assistance of counsel claim, he asserted in the motion that had defense counsel investigated the 14 associated problems, defense counsel would have unearthed enough reasonable doubt to produce a different result.

{¶ 36} Here, of paramount importance is that Futo is not relying on any new facts to support the motion for new trial under Crim.R. 33(B). Despite the undisputed fact that the styled motion was filed almost a decade and a half after the verdict was rendered, the so-called "new facts" were known or in existence at the time of Futo's trial. As such, whether the subject filing was treated as a petition for postconviction relief or a motion for new trial, it fails as a matter of law.

{¶ 37} Accordingly, we overrule the second assignment of error.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR